******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SHELDON, J., concurring in part and dissenting in part. I agree with part II of the majority's decision regarding the nonretroactivity of certain of the modified financial orders issued by the trial court. I part company with the majority, however, as to its affirmance of the trial court's judgment prospectively eliminating the supplemental bonus alimony award because I do not believe that that particular modification was in any way justified by the only change in circumstances upon which it was predicated, to wit: the change in physical custody of the parties' minor children. Concluding, as I do, that the change in the children's custody did not justify the elimination of the supplemental bonus alimony award because it was not shown to have had any relevant impact, supportive of the modification, upon at least one of the limited statutory factors that govern the making and modification of alimony awards,[1] I respectfully dissent from part I of the majority's decision.

Alimony arises from "the obligation of support that spouses assume toward each other by virtue of the marriage." (Internal quotation marks omitted.) *Wiegand* v. *Wiegand*, 129 Conn. App. 526, 535, 21 A.3d 489 (2011). "The generally accepted purpose of . . . alimony is to enable a spouse who is disadvantaged through divorce to enjoy a standard of living commensurate with the standard of living during marriage." (Internal quotation marks omitted.) *Brody* v. *Brody*, 315 Conn. 300, 313, 105 A.3d 887 (2015).

"[General Statutes] § 46b-86 (a) broadly provides that an alimony award may be modified by the court upon a showing of a substantial change in the circumstances of either party and that a trial court's discretion is essential when it determines whether a modification is justified. . . . *The trial court's discretion to modify an award, however, is not unlimited. Rather, the court's discretion must be cabined by the public policies underlying the statutes governing dissolution of marriage and by the general purposes of alimony awards. . . .*

"[T]he trial court may consider factors such as the length of the marriage, the cause of the divorce, and the age, station, vocational skills and employability of the parties—factors that were presumptively considered by the [dissolution] court [pursuant to General Statutes § 46b-82] in determining the purpose and amount of the initial alimony award and that have not changed since that time—*only to the extent that the factors shed light on the intent of the initial award. They should not be considered as reasons for changing the purpose of the initial award.*" (Citation omitted; emphasis altered; footnote omitted.) *Dan* v. *Dan*, 315

Conn. 1, 16–17, 105 A.3d 118 (2014).

"Once a trial court determines that there has been a substantial change in the financial circumstances of one of the parties, the same criteria that determine an initial award of alimony . . . are relevant to the question of modification. . . . By so bifurcating the trial court's inquiry, however, *we did not mean to suggest that a trial court's determination of whether a substantial change in circumstances has occurred, and its determination to modify alimony, are two completely separate inquiries.* Rather, our bifurcation of the trial court's modification inquiry was meant to reflect that, under our statutes and cases, modification of alimony can be entertained and premised upon a showing of a substantial change in the circumstances of either party to the original dissolution decree. General Statutes § 46b-86. Thus, once the trial court finds a substantial change in circumstances, it can properly consider a motion for modification of alimony. After the evidence introduced in support of the substantial change in circumstances establishes the threshold predicate for the trial court's ability to entertain a motion for modification, however, *it also naturally comes into play in the trial court's structuring of the modification orders.*" (Citations omitted; emphasis added; internal quotation marks omitted.) *Borkowski* v. *Borkowski*, 228 Conn. 729, 737, 638 A.2d 1060 (1994).

"To obtain a modification, the moving party must demonstrate that *circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to* [*that order*]. Because the establishment of changed circumstances is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order. In making such an inquiry, the trial court's discretion is essential. The power of the trial court to modify the existing order does not, however, include the power to retry issues already decided . . . or to allow the parties to use a motion to modify as an appeal. . . . Rather, the trial court's discretion includes only the power to adapt the order to some *distinct and definite change* in the circumstances or conditions of the parties." (Citations omitted; emphasis added.) Id., 737-38.

Under the foregoing authorities, it is apparent that the substantial change in circumstances found by the trial court as a condition precedent to the modification of an alimony award necessarily limits the discretion of the court in determining whether, and, if so, how, the award should be modified. Because a modification of alimony requires a reconsideration of the parties' obligations of support to one another in light of an alleged substantial change in the circumstances of one or both of them, and those obligations are governed by the factors set forth in § 46b-82 (a), there must at least

be some relationship between the substantial change in circumstances, as pleaded and proved, and at least one of the statutorily enumerated alimony factors. Absent such a relationship, the requisite finding of a substantial change in circumstances as a condition precedent to the modification of alimony would be meaningless.

Here, the trial court determined at the very outset of the modification hearing that there had been a substantial change in the circumstances of the parties because physical custody of their minor children had been transferred from the plaintiff to the defendant. In so ruling, the trial court made no findings as to the relationship between the change in physical custody and any of the statutory factors governing the making and modification of alimony awards, nor did it explain why, in light of that change in circumstances, the continuation of the supplemental bonus alimony award would be unjust or inequitable. This, I submit, is because there was no basis in the record for making any such suggestion.

It is true, of course, that the trial court correctly determined that, as a result of the change in physical custody of the minor children, the unallocated total family support order initially entered by the dissolution court was no longer necessary or appropriate. That order had to be changed in order to separate its child support and spousal support components from one another, so that the now unnecessary child support component could be eliminated. See *Tomlinson* v. *Tomlinson*, 305 Conn. 539, 558, 46 A.3d 112 (2012). Once that was accomplished, however, the remaining, spousal support component of the unallocated family support order should simply have been replaced by a new, freestanding order of periodic alimony, which would remain in effect thereafter for as long as the dissolution judgment called for the payment of alimony, unless and until it was modified, as otherwise provided by law. Thus, although the spousal support component of the total family support order should have been changed in title and description, it should not have been changed in substance, as to the amount due and payable to the plaintiff for spousal support, absent a substantial change in circumstances so warranting.

The trial court, however, confused or conflated its authority to change the *form* of the dissolution court's initial order of spousal support from a component of the initial total family support order to a freestanding order of periodic alimony with its statutory authority to modify that order in *substance* due to a substantial change in circumstances pursuant to § 46b-82. As a result, it also treated the change in physical custody of the parties' minor children as a basis for also permitting the modification, in substance, of the amount of spousal support due under the dissolution court's initial financial orders without considering the impact of that

change in circumstances upon any of the statutory factors governing awards of alimony, as set forth in § 46b-82, much less determining whether, in light of that change in circumstances, it would be unjust or inequitable to leave the substance of that initial spousal support order unchanged.

A change in physical custody of a divorced couple's minor children is not a statutorily enumerated factor that a court must consider in determining whether or not to modify an award of alimony owed by one of them to the other under their judgment of dissolution. Thus, such a change in circumstances does not, standing alone, authorize the modification of an existing alimony order. In order for such a change in circumstances to constitute a substantial change in circumstances of the kind required as a statutory condition precedent to the modification of an alimony award, it must be shown to have had some relevant impact, supportive of the subject modification, upon at least one of the statutory factors governing the making and modification of alimony awards. The party moving for modification of an alimony award on that basis bears the burden of proving that the change in custody not only relates to and impacts one or more the statutory factors governing alimony awards, but does so in such a way as to make the continuation of the existing order unjust or inequitable. See *Eckert* v. *Eckert*, 285 Conn. 687, 696, 941 A.2d 301 (2008).

In this case, however, the trial court's judgment modifying the initial financial orders by prospectively eliminating the supplemental bonus alimony award was entirely untethered to the change in physical custody of the parties' minor children, which was the only change in circumstances upon which it was expressly predicated.

The majority attempts to fill the void in the trial court's analysis by stating: "A careful review of the record reveals that the court had sufficient evidence upon which to determine that the change in sole physical custody of the parties' minor children impacted the employability, earning capacity, and needs of the plaintiff, as well as the needs of the defendant and his newly formed household of six persons."[2] This conclusion is troubling for two reasons.[3] First, in coming to this conclusion, the majority makes several findings of fact, which are undisputedly beyond the power of this court to make. See *Weinstein* v. *Weinstein*, 104 Conn. App. 482, 494, 934 A.2d 306 (2007) ("[i]f we were to find from the record that the facts presented to the court established a substantial change of circumstances, we would be engaging in fact-finding, a function not the province of this court"), cert. denied, 285 Conn. 911, 943 A.2d 472 (2008). In the absence of the requisite finding *by the trial court* of a substantial change in circumstances, it simply cannot be found that the trial

court's order was adapted to some *distinct and definite change* in the circumstances or conditions of the parties. Any modification ordered on a different basis would result, for all practical purposes, from the retrial of the initial alimony award,[4] which is strictly prohibited.

Second, the defendant never claimed, either in his motion to modify[5] or in his presentation at the modification hearing, that his request for the elimination of the supplemental bonus alimony award should be granted due to any change in the plaintiff's employability, earning capacity, or change in her needs, resulting from the change in custody of the minor children or otherwise.[6] Instead, in his motion to modify, the defendant requested only that the court "eliminate the requirement that 30 percent of any bonus be paid to the plaintiff so that all future bonuses may be paid to reduce the defendant's outstanding debt to the IRS and other creditors."[7] The defendant never claimed any connection between the change in custody of the parties' children and his IRS debt or any of the other financial circumstances that he claimed to have contributed to his self-described "financial collapse." Thus, in suggesting that the court may properly have based its elimination of the supplemental bonus alimony award upon changes in the plaintiff's employability, earning capacity or needs resulting from the change in physical custody of the children, or upon the distressed state of the defendant's finances resulting from that transfer of custody, the majority is assuming not only the role of the trial court, which never made or was asked to make such a finding, but that of defense counsel as well.[8]

Because I do not believe that the substantial change in circumstances found by the trial court, which was based solely upon the change in physical custody of the parties' children, had any proven impact upon any of the statutory factors governing the making or modification of alimony awards, let alone an impact of the sort that would render the continuation of the supplemental bonus alimony award unjust or inequitable, I do not believe that the court "adapt[ed] the order [eliminating that award] to some *distinct and definite change* in the circumstances or conditions of the parties." (Emphasis added.) *Borkowski* v. *Borkowski*, supra, 228 Conn. 738. I conclude, on this basis, that the trial court abused its discretion by eliminating the supplemental bonus alimony, and thus I dissent from that portion of the majority's decision that affirms its elimination.

[1] I also believe that the trial court erred in modifying the alimony component of the unallocated family support order. Because the plaintiff has not challenged that modification, the elimination of the bonus alimony award is the only alimony order that is subject to our review.

[2] The majority suggests that the defendant's obligation to support his second wife and a child born of that marriage should be a consideration in modifying his alimony obligation to the plaintiff. I am not aware of any law that supports the propriety of considering such a factor, nor apparently was the trial court, which expressly rejected such an argument as a basis for granting any of the requested modifications.

[3] The majority further states: "Moreover, the evidence indicated that the needs of the defendant also were impacted after he received sole physical custody of the three minor children." In support of that statement, the majority cites to the defendant's debt to the Internal Revenue Service and the sale of an investment condominium that was awarded to him at the time of dissolution. The trial court did not make any findings as to those liabilities, either as to whether there had been a change in those debts that could constitute a substantial change of circumstances for purposes of a modification of the alimony order, or how, if at all, they were impacted by the change in physical custody of the children. Neither does the majority. It is difficult to fathom how the change in custody of the children possibly could have caused it or contributed to those liabilities. It is especially difficult to understand in light of the fact that the defendant did not actually make any such claim.

In upholding the trial court's elimination of the supplemental bonus alimony award, the majority, not the trial court, engages in a comparison of the defendant's financial affidavits at the time of dissolution and the time of the modification hearing. The majority finds that that comparison "indicated that [the] children's expenses increased after receiving custody." The trial court, as the *sole* arbiter of the facts, did not make any findings to that effect.

The majority makes many additional factual findings concerning the defendant's postdissolution financial situation and draws inferences from them in an effort to rationalize the trial court's elimination of the supplemental bonus alimony award. The common features of each of these findings are that none was claimed by the defendant, nor found by the trial court, to have resulted from the change in custody of the parties' minor children, upon which the modification of alimony was predicated.

[4] Indeed, as noted by the majority, the trial court expressly found that the plaintiff had no income at the time of the modification hearing other than the alimony that she was receiving from the defendant. If the plaintiff did have income at that time, the court would have been required by law to order her to pay child support to the defendant. The court likewise would have been required to order the plaintiff to pay child support to the defendant if it had imputed an earning capacity to her, in addition to the requirement that it determine the specific amount of her earning capacity. See *Tanzman* v. *Meurer*, 309 Conn. 105, 117, 70 A.3d 13 (2013). The record is devoid of any claim, argument or evidence that the plaintiff's employability, earning capacity or needs changed as a result of the change in physical custody of the minor children. The trial court thus properly did not base its elimination of the supplemental bonus alimony award on those unestablished factors.

[5] Practice Book § 25-26 (e) provides in relevant part: "Each motion for modification shall state the specific factual and legal basis for the claimed modification . . . ."

[6] Because he did not base his request for modification on these factors, he submitted no evidence relating to them. This deficiency obviously also implicates the plaintiff's lack of notice as to any such claims.

[7] The dissolution court ordered the defendant to indemnify the plaintiff and hold her harmless for any liability associated with state or federal tax returns that had been filed prior to the date of judgment. Notwithstanding this determination, the defendant asked the trial court to eliminate the supplemental alimony award, in part, so that he could pay that very debt. The defendant's request for a modification of the dissolution court's alimony order so he could pay off a debt for which the dissolution court had expressly held him solely responsible is puzzling. Such a request is a further demonstration that the defendant was using the motion to modify as an opportunity to retry issues already decided against him by the dissolution court.

[8] I further note that the defendant did not even respond to this claim in his brief to this court.